Beck v. Lowell.

---

M. M. BECK *et al., as Partners, etc.,* v. JAMES H. LOWELL.

No. 15,522.  (95 Pac. 1131.)

SYLLABUS BY THE COURT.

ESTOPPEL—*Claim to Property—Notice to Purchaser.* One who, having previously claimed to have a mortgage on personal property, notifies the buyer of it at a public sale that he claims a right to it is not estopped to assert full title thereto by the fact that in giving such notice he does not specify whether he claims as mortgagee or owner.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed May 9, 1908. Affirmed. Opinion upon a motion to retax costs filed July 3, 1908.

*Case Broderick,* and *John D. Myers,* for plaintiffs in error.

*M. A. Bender,* and *James H. Lowell,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: James H. Lowell brought replevin against M. M. Beck & Son and obtained judgment, which is sought to be reversed in this proceeding.

There was some conflicting testimony, but as the jury must be deemed to have resolved all doubts in favor of the plaintiff the evidence for the purposes of the case may be said to have established these facts:

J. S. Orr owned a printing plant, including a gasoline engine, which he used in a building rented from Lowell. A clause of the written lease, to secure the payment of the rent, purported to mortgage all personal property which the lessee should have upon the premises at any time.    Orr made a chattel mortgage to Mrs. Kline covering all the machinery then used in his business, and specifically describing this engine.    Beck & Son asked Lowell which of the mortgages had priority. Lowell answered that Mrs. Kline had a first lien upon the property described in her mortgage because it had been recorded before his, although executed later.    The Becks then bought Mrs. Kline's mortgage, and took possession of the printing plant, including a gasoline engine then in use—not the one already referred to, but a new one procured by Orr after the mortgage had been given.    Later they sold all this property at public sale, becoming themselves the purchasers.    Before the sale Orr sold his interest in the property to Lowell.    At the sale Lowell gave notice that he claimed the engine, not saying, however, whether he claimed it as mortgagee or as owner.    This engine he sued for and recovered in the replevin action, under a claim of general ownership.

The trial court allowed Lowell to introduce his lease in evidence.    It is contended that this was error, because it permitted him while suing as owner to assert a title as mortgagee.    The mortgage clause of the lease, however, was not relied upon as an independent ground of recovery.    It was given in evidence incidentally as a a part of the history of the transaction out of which the litigation grew.    The plaintiff recovered upon the theory presented by his pleading, a theory to which he was confined by the instructions given.

Complaint is also made of a ruling admitting evi-

Beck v. Lowell.

dence of the usable value of the engine, but as the jury allowed no damages on this account the error, if any, was not material.

The defendants asked an instruction to the effect that if the plaintiff stood by at the public sale and allowed them to purchase the engine without giving them notice of the title claimed in his bill of particulars he could not recover. The court instructed that the plaintiff was precluded from recovery if, being present at the sale, he allowed the defendants to purchase the engine without giving them any notice of a claim of title or ownership on his part. The evidence as to what took place at the sale was somewhat conflicting. Manifestly the plaintiff made some sort of a claim to the property, but whether as owner or lien-holder, or as asserting an undefined right, was for the jury to determine. Therefore the court might properly have added that if at the time of the sale the plaintiff claimed specifically as a mortgagee he could not thereafter assert that he held a title by purchase. But no such instruction was asked, and in the absence of a request the omission to give it can not be said to have been reversible error. The purchasers at the sale were not justified in assuming that a general claim of right or title then made by Lowell was necessarily based solely upon the mortgage lien which he had previously asserted.

The only other assignment of error thought to require separate mention is based upon the refusal to give an instruction as to the effect it should have on the verdict if the jury should find that the engine in controversy was purchased to replace the one described in the Kline mortgage, and that the old one formed a part of the consideration for the new. Such refusal could not have been error, for there was no evidence that such an exchange had been made.

The judgment is affirmed.

OPINION UPON A MOTION TO RETAX COSTS.

The opinion of the court was delivered by

MASON, J.: The defendant in error filed a counter-abstract, for which $16 was taxed as costs upon the affirmance of the judgment. By a motion to retax costs the plaintiffs in error ask that the charge made on this account be stricken out, for the reason that the preparation of such counter-abstract was unnecessary. The court is of the opinion that, subject to a qualification to be stated later, the point is well taken. The abstract filed by the plaintiffs in error presented the proceedings in the trial court, including the evidence, in condensed form, but with sufficient fullness to exhibit the precise questions of law involved, and with substantial if not absolute accuracy. The counter-abstract reproduced a part of the contents of the original abstract literally, and a part in substance. It did not point out in terms any specific omission or inaccuracy therein, and appears to have been prepared just as counsel for the defendant in error would have framed an original abstract. In view of these facts the plaintiffs in error clearly should be relieved of the charge complained of.

The qualification referred to is made necessary by these considerations: No assignment of error was made having a direct relation to the verdict or to the special findings of the jury, and copies of these were omitted from the abstract, evidently upon the theory that they contained nothing bearing upon the questions to be determined by this court. However, one assignment with respect to the admission of evidence was affected by a fact specially found by the jury. It was consequently a proper function of the counter-abstract to present a copy of this finding, and perhaps in this connection it was justifiable to print as well the other findings and the general verdict. The defendant in error will therefore be allowed a charge of $2 for his

Lowe v. Wells.

counter-abstract, this amount being fixed by the proportion the necessary matter bore to the whole. The plaintiffs in error will be allowed the costs incident to their motion.